## WOODMEN OF THE WORLD v. HOLMES.
### (No. 2388.)

(Court of Civil Appeals of Texas. Texarkana. May 12, 1921.)

1. Insurance ⚖825(3) — Conflicting evidence made suicide a jury issue.

In action by beneficiary on a benefit certificate, conflicting evidence *held* to make the issue whether insured committed suicide one for the jury.

2. Insurance ⚖817(3)—The burden is on defendant to prove plea of suicide.

In a beneficiary's action it is incumbent on the defendant pleading suicide to prove it by a preponderance of the evidence.

3. Appeal and error ⚖1045(1) — Where no improper juror was forced on defendant, refusal to pass the case for a drawn jury does not warrant reversal.

Refusing to continue a case for trial before a drawn jury and trial before a jury summoned by sheriff does not require reversal where plaintiff demanded a jury and paid the jury fee at a time after the regular jury had been excused, and there does not appear any injury, since no improper selection of the jury is complained of and it is not claimed that any improper juror was forced on the defendant.

Appeal from District Court, Henderson County; John S. Prince, Judge.

Suit by Caladonia Holmes against the Woodmen of the World. Verdict and judgment for plaintiff, and the defendant appeals. Affirmed.

The appellant is a fraternal beneficiary association incorporated under the law of Nebraska, and with a permit to do business under the law of Texas. A certificate of insurance was issued on May 8, 1917, to Willie Holmes, providing for the payment of $750 to his mother Caladonia Holmes, in the event the insured died during the second year, as he did, of his membership. The certificate and the laws of the association expressly provided that—

"If the member holding this certificate should die by his own hand or act, whether sane or insane, this certificate shall be null and void and of no effect, and all rights and benefits which have accrued on account of this certificate shall be absolutely forfeited without notice or service."

The insured died on December 28, 1918. He was 22 years old. The beneficiary named in the certificate brought the suit on the policy to recover the amount provided for. The defendant pleaded, besides general denial, that the insured died by his own hand and act, and the certificate was forfeited under the terms of the same, which were set out.

⚖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The court submitted the following issue to the jury, and they answered "No."

"Did the deceased, Willie Holmes, come to his death by his own hand or act? The burden of proof is on the defendant to show by a preponderance of the evidence that the deceased came to his death by his own hand or act, and if it does so show you will answer the issue 'yes,' otherwise you will answer 'no.'"

Judgment was entered on the verdict in favor of the plaintiff for the $750. The only issue in the trial was that of whether or not the deceased committed suicide by taking carbolic acid. There is much evidence to show a death by suicide. But the testimony of the attending physician is to the effect, as stated by him:

"I did not see anything like a carbolic acid burn on that boy's mouth or tongue there that night—nothing like that at all. A carbolic acid burn is very white—I will say as white as cotton—and it leaves a rough burn, that is, surface is very white and rough. I did not see anything of that kind in that boy's mouth, on the tongue or the lips. I took occasion to look down the boy's throat as far as I could without an instrument, but I did not see any sign of any carbolic acid burn down his throat. I did not smell any carbolic acid on the boy's person, mouth, or throat, or anywhere about him. I stooped down over the boy, over his mouth, and tried to get the odor of carbolic acid in his mouth, and could not. He was not cold when I reached him; he was warm. In my judgment the boy had been dead only a few minutes when I reached the body. As a physician, I say if he had taken carbolic acid I could have smelled it on him when I made that examination there. I think so. * * * And since then I have made a thorough examination of medical books, and I saw positively that it was not due to drinking carbolic acid."

This testimony made the conflicting issue that the jury, in their province, was authorized to determine as they did.

Gresham & Willis, of Dallas, for appellant.

E. P. Miller and E. A. Landman, both of Athens, for appellee.

LEVY, J. (after stating the facts as above). [1] There was sufficient conflicting evidence to make an issue for decision by the jury of suicide, and the court did not err in refusing to peremptorily instruct a verdict for the defendant. And in view of the evidence of the attending physician the court did not legally err in refusing, as within his province, to set aside the verdict as contrary to the evidence. We conclude that assignments of error Nos. 1, 2, and 3 should be overruled.

[2] The court did not err in the charge respecting the burden of proof. It is incumbent on the party making the plea of suicide to prove it. The court's charge merely required, and not further—

"the defendant to show by a preponderance of the evidence that the deceased came to his death by his own hand or act."

The assignment is overruled.

[3] Error is predicated upon the ruling of the court in refusing to continue or pass the case for trial before a drawn jury, and in trial of the case before a jury summoned by the sheriff. The plaintiff demanded a jury, and paid the jury fee at a time after the regular jury had been excused for the term. There does not appear any injury to the defendant by the mere fact, as here, of trial under the circumstances before a jury not previously drawn for the term. Any improper selection of the jury is not complained of, nor is it claimed that any improper juror was forced upon the defendant. The assignment does not warrant a reversal, we think, because no material right was interfered with nor any injury caused.

Judgment affirmed.